MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, Suite 480
Henderson, NV  89074
 (702) 642-3113/ (702) 642-9766 FAX
Attorney for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SATICOY BAY LLC SERIES 256 CAMINO VIEJO;  SATICOY BAY LLC SERIES 9229 MILIKAN AVE; SATICOY BAY LLC SERIES 3338 FLYING COLT; SATICOY BAY LLC SERIES 7413 W RUSSELL RD;  SATICOY BAY LLC SERIES 6119 MAGIC MESA ST; and SATICOY BAY LLC SERIES 452 CROCUS HILL<br><br>           Plaintiffs,<br><br>vs.<br><br>FEDERAL HOUSING FINANCE AGENCY; SANDRA L. THOMPSON, in her official capacity as the Director<br><br>          Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT** |

Plaintiffs Saticoy Bay LLC Series 256 Camino Viejo, Saticoy Bay LLC Series 9229 Milikan Ave;  Saticoy Bay LLC Series 3338 Flying Colt; Saticoy Bay LLC Series 7413 W Russell; Saticoy Bay LLC Series 6119 Magic Mesa St Trust; and Saticoy Bay LLC Series 452 Crocus Hill, by and through their attorney, Michael F. Bohn, Esq. allege as follows:

**Nature of the Action**

Plaintiffs believe the foreclosures of the subject properties by the Federal Housing Finance Agency (FHFA) are void because the Fifth Circuit Court of Appeals has determined that acts by the

- 1 -

Consumer Finance Protection Bureau (CFPB) are unconstitutional because the founding document of the CFPB instructs that the funding of the CFPB cannot be construed to be subject to Appropriations. Similar to the CFPB, the founding document of the FHFA, the 2008 Housing and Recovery Act (HERA), also instructs that "[t]he amounts received by [FHFA] from any assessment under this section shall not be construed to be Government or public funds or appropriated money." This is contrary to the Appropriations Clause of the United States Constitution which requires that government spending be subject to Appropriations. The statute appears to be in conflict with the Appropriations clause. The resulting problem is that a court cannot "construe" the FHFA to be subject to Appropriations because the plain language of the statute instructs that it's not. Plaintiffsbelieve Congress exceeded its constitutional authority when it structured the FHFA. This matter is so serious that the United States Supreme Court will review the Appropriations issue in the coming months.

**Jurisdiction and Venue**

1. This court has subject matter jurisdiction over this action pursuant to 28 USC § 1331 because it arises under the United States Constitution.

2. This court is authorized to award the requested relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act ("DJA") 28 U.S.C. §§ 2201-2202.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391 because the defendants are an officer and agency of the United States and a substantial part of the events giving rise to the claim occurred here plus the properties in question are located within this judicial district.

**The Parties**

4. Plaintiff Saticoy Bay LLC Series 256 Camino Viejo is the owner of the real property commonly known as 256 Camino Viejo Street, Henderson Nevada.  Plaintiff Saticoy Bay LLC Series 9229 Milikan Ave is the owner of the property commonly known as 9229 Milikan Avenue, Las Vegas, Nevada.  Plaintiff Saticoy Bay LLC Series 3338 Flying Colt is the owner of the real property commonly known as 3338 Flying Colt Court, North Las Vegas, Nevada. Saticoy Bay LLC Series 7413 W Russell is the owner of the real property commonly known as 7413 West Russel Road Unit 107, Las Vegas, Nevada.  Plaintiff Saticoy Bay LLC Series 6119 Magic Mesa St Trust is the owner of the real property commonly known as 6119 Magic Mesa Street, Las Vegas, Nevada.  Saticoy Bay LLC Series 452 Crocus Hill is the owner of the real property commonly known as 452 Crocus Hill Avenue, Las Vegas, Nevada.

5. Defendant Federal Housing Finance Agency is an "independent agency" of the United States that, among other things, regulates the Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporate ("Freddie Mac"). See 12 U.S.C. § 4511.  FHFA is named as a defendant directly as well as in its capacities as regulator and conservator of Fannie Mae and Freddie Mac.

6. Defendant Sandra L. Thompson, in her official capacity, is the Director of the Federal Housing Finance Agency and is responsible for implementing and overseeing its operations. See 12 U.S.C. § 4513. She is subject to suit m her official capacity. See 12 U.S.C. § 4513(c)(2).

**Common Allegations**

A.  Congress Unconstitutionally Structures the Federal Housing Finance Agency

- 3 -

7. In 2008, Congress passed, and President Bush signed, the Housing and Economic Recovery Act (HERA), the statute which created the FHFA. The 2008 Congress created FHFA as an "independent agency" charged with regulating the federal housing mortgage market, including Fannie Mae and Freddie Mac.

8. Fannie Mae and Freddie Mac are for-profit stockholder owned corporations organized and existing under the Federal Home Loan Corporation Act. Fannie Mae and Freddie Mac buy and sell mortgages, often pooling them into mortgage-backed securities for investors.

9. In its effort to make FHFA an "independent agency," Congress gave FHFA sweeping powers and largely insulated FHFA from democratic accountability. Congress attempted to achieve this goal in two ways. First, it insulated the FHFA Director from presidential removal. And second, it granted FHFA budgetary independence.

10. The Supreme Court has already rejected the first aspect of the 2008 Congress's attempts to insulate FHFA from democratic accountability.

11. FHFA's funding and budgetary structure also violates the Constitution. Article I of the Constitution states "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law[.]" U.S. CONST. art. I, § 9, cl. 7. Rather, FHFA is free to determine its own budget with no oversight from Congress.

12. FHFA's own statements and reports admit the constitutional violation. For example, its FY2022 Performance and Accountability Report states "FHFA is financed through revenue from assessments and is considered a non-appropriated entity (FHFA does not receive any appropriated funds from Congress)."

13. Not only that-FHFA may itself collect on the budget it determines to be appropriate for itself. Indeed, HERA grants the FHFA Director full control over FHFA's funding outside

of the typical appropriations process. 12 U.S.C. § 4516. Instead of funding through bicameral passage and presentment of appropriations bills as the Appropriations Clause requires, the FHFA Director may establish and collect assessments, in an amount to be determined by the Director, directly from the entities that FHFA regulates -Fannie Mae, Freddie Mac, and the Federal Home Loan Banks. Id. § 4516(a).

14. The only restraint on FHFA's funding power is the Director's unbounded judgment of what is "reasonable," see id. "Reasonable" here is a blank check for FHFA to collect unlimited funds. HERA also specifies that "[t]he amounts received by [FHFA] from any assessment under this section shall not be construed to be Government or public funds or appropriated money." Id. § 4516(f)(2). The Director has sole discretion to decide how to use the assessed funds for compensation and "all other expenses of the Director and the Agency." Id.§ 4516(f)(4). Congress provided no guidelines, boundaries, or intelligible principles to cabin the Director.

15. In practical terms, this authority amounts to an unconstrained power to collect and spend money, for FHFA regulates entities that have over $8 trillion of assets from which it may freely draw. See Statement of Sandra L. Thompson, FHFA Director, Before the House Comm. On Fin. Servs. (July 20, 2022), https://bit.ly/3AnDFVq (last visited June 23, 2023) [hereinafter Statement of Thompson]. The Director may use these funds not only for FHFA's expenses but also "to maintain a working capital fund." 12 U.S.C. § 4516(a)(3). The Director alone determines the amount of those assessments. Id.

16. In September 2008, pursuant to HERA, FHFA's then-Director placed Fannie Mae and Freddie Mac into a conservatorship.

17. Once placed in conservatorship, FHFA immediately succeeded to "all rights, titles, powers, and privileges of the regulated entity, and of any stockholder, officer, or director of such regulated entity with respect to the regulated entity and the assets of the regulated entity." 12 U.S.C. § 4617(b)(2)(A)(I). FHFA may "take over the assets of and operate," "collect all money due [to]," "perform all function of," "preserve and conserve the assets and property of' and contract on behalf of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(B); see id. § 4617(b)(2)(C)-(E), (J).

18. Also as conservator, FHFA "may transfer or sell any asset or liability of regulated entity in default, and may do so without any approval, assignment, or consent with respect to such transfer or sale." 12 U.S.C. § 4617(b)(2)(G).

19. As conservator for Fannie Mae and Freddie Mac, FHFA is a designated Federal Property Manager ("FPM"). 12 U.S.C. § 5220(a)(l)(A). As a federal property manager, FHFA must oversee foreclosures, including with its servicers. See id. § 5220(b)(1); see also § 5220©. FHFA must submit periodic reports about the number of foreclosures that occur. Id. 5220(b)(5).

20. Thus, FHFA directly and indirectly, through Fannie Mae, Freddie Mac, their servicers, and others, controls, directs, supervises, participates in and/or funds the foreclosure delinquent loans and mortgages.

21. For example, in just the first two months of 2023, through the entities that manages and regulates, FHFA oversaw and controlled more than 3,000 foreclosure sales and 13,000 foreclosure starts.

22. FHFA's operations - including the foreclosures of properties through Fannie Mae, Freddie Mac, their servicers, and others - are unconstitutionally funded.

- 6 -

**B.   Plaintiffs acquisition of the properties**

23. Regarding the property commonly known as 256 Camino Viejo, Henderson, Nevada, plaintiff Saticoy Bay LLC Series 256 Camino Viejo acquired title to the property at foreclosure sale conducted on March 12, 2018.  A deed of trust between nonparty borrowers and Countrywide Bank  ("the Lender") was recorded on November 13, 2006, granting the Lender a security interest in the real property   to secure the repayment of  a loan to non-party borrower. The Deed of Trust also listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Reconstruct Company, N.A. as the trustee.  In November, 2006, Fannie Mae purchased the loan.

24. Regarding the property commonly known as 9226 Milikan Avenue, Las Vegas, Nevada, plaintiff Saticoy Bay LLC Series 9229 Milikan Avenue acquired title to the property at foreclosure sale conducted on October 5, 2012.   A deed of trust between nonparty borrowers and Countrywide Home Loans ("the Lender") was recorded on February 25, 2005.   Fannie Mae purchased the loan in March, 2005.

25. Regarding the property commonly known as 3338 Flying Colt, North Las Vegas, Nevada, plaintiff Saticoy Bay LLC Series 3338 Flying Colt acquired title to the property at foreclosure sale conducted on May 14, 2013.  A deed of trust between nonparty borrowers and Countrywide Home Loans ("the Lender") was recorded on August 30, 2006.  Freddie Mac purchased the loan on September 13, 2006.

26. Regarding the property commonly known as 7413 West Russell Road Unit 107, Saticoy Bay LLC Series 7413 W Russell acquired title to the property at foreclosure sale conducted on July 10, 2015.   A deed of trust between nonparty borrowers and

Countrywide Bank was recorded on September 18, 2007. Fannie Mae acquired the loan in September 2007.

27. Regarding the property commonly known as 6119 Magic Mesa Street, Las Vegas, Nevada, plaintiff Saticoy Bay LLC Series 6119 Magic Mesa St Trust acquired title to the property by grant deed from the 6119 Magic Mesa Street Trust recorded on September 30, 2013. The 6119 Magic Mesa Street Trust acquired title to the property at foreclosure sale which took place on February 1, 2013. A deed of trust between nonparty borrowers and First National Bank of Arizona was recorded on February 23, 2007. Freddie Mac acquired the loan in July, 2007.

28. Regarding the property commonly known as 452 Crocus Hill Street, Las Vegas, Nevada, plaintiff Saticoy Bay LLC Series 452 Crocus Hill acquired title to the property at foreclosure sale conducted on October 30, 2014. A deed of trust between nonparty borrowers and KH Financial, L.P. was recorded on July 31, 2003. Fannie Mae acquired the loan in October, 2003.

C. **The FHFA is unlawfully directing the foreclosure on Plaintiffs Properties**

29. The properties commonly known as 256 Camino Viejo, Henderson, Nevada, 9229 Milikan Avenue, Las Vegas, Nevada and 338 Flying Colt, North Las Vegas, Nevada, is subject to foreclosure proceedings, and foreclosure sale is scheduled for these three properties for September 29, 2023.

30. The property commonly known as 7413 West Russel Road Unit 107, Las Vegas, Nevada is scheduled for foreclosure sale on October 6, 2023.

31. The property commonly known as 6119 Magic Mesa Street, Las Vegas, Nevada, is scheduled for foreclosure sale on October 13, 2023.

32. The property commonly known as 452 Crocus Hill Street, Las Vegas, Nevada is scheduled for foreclosure sale on October 18, 2023.

33. FHFA is directly and/or indirectly (through Fannie Mae or Freddie Mac and their servicers, are controlling, supervising, managing, funding, and/or participating in the foreclosure on Plaintiff's Properties without a constitutional appropriation from Congress. The foreclosure sale is therefore unlawful, unconstitutional, and should be set aside and enjoined.

34. If the foreclosure proceeds, due to the unique and irreplaceable nature of land and real estate, Plaintiff will lose valuable property rights and suffer irreparable harm.

### FIRST CLAIM FOR RELIEF
**Violation of the Appropriations Clause of the United States Constitution.**

35. Plaintiffs repeat, realleges, and incorporates all of the allegations contained in the paragraphs 1 through 35.

36. The Supreme Court has recognized a cause of action for equitable relief to redress constitutional violations by federal officials, particularly those that violate separation of powers principles. See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd., 561 U.S. 477,491 n.2 (2010).

37. Additionally, the Administrative Procedure Act requires the Court to hold unlawful and set aside any agency action that is "contrary to constitutional right, power, privilege, or immunity" or "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A)-(B). Similarly, the Declaratory Judgments Act empowers the Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

38. FHFA is an agency of the United States.

39. Article I, Section 9, Clause 7 of the United States Constitution provides, "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law[.]"  The power of the purse belongs solely to Congress. See U.S. CONST. art. I, § 1 ("[a]ll legislative Powers herein granted shall be vested in a Congress of the United States.").

40. Contrary to this constitutional command, HERA and 12 U.S.C. § 4516 provide that the FHFA shall be funded through assessments from the entities that it regulates rather than from an appropriation passed by Congress and signed by the President.

41. FHFA's Director unilaterally sets the amount of assessments and establishes its own budget without congressional oversight or any democratic accountability.

42. The Supreme Court has recognized that "FHFA is not funded through the ordinary appropriations process." Collins, 141 S. Ct. at 1772.

43. FHFA openly admits that it is a so-called non-appropriated entity and does not receive any appropriated funds from Congress.

44. FHFA's unilateral self-funding initiative is a permanent power and is not temporally limited as it should be.

45. The 2008 Congress that enacted HERA cannot purport to tie the hands of all future Congresses to exercise oversight over the FHFA. Congress cannot simply delegate or cede the power to budget, raise, appropriate, or spend money entirely to an executive agency.

46. Accordingly, FHFA's self-funding structure cannot be reconciled with the text, structure, and history of the Appropriations Clause or the Supreme Court's separation-of-powers precedent, including the Nondelegation Doctrine.

47. HERA and, specifically, 12 U.S.C. § 4516 violate the Appropriations Clause, the Separation of Powers, and/or the Nondelegation Doctrine by allowing FHFA to self-fund and unilaterally spend public money without an appropriation from Congress. As a result, 12 U.S.C. § 4516 and related portions of HERA must be declared unconstitutional and unlawful.  See also 12 U.S.C. § 4516(f)(2).

48. All FHFA actions taken without a constitutional appropriation from Congress are void, unlawful, and must be set aside.

49. FHFA's efforts to control, manage, supervise, direct, and/or fund the foreclosure on Plaintiffs properties are unconstitutionally funded and without a constitutional appropriation.  Therefore, the foreclosure action constitutes unconstitutional agency action and it is void, unlawful, and must be set aside.

50. FHFA's directing, supervising, controlling, managing, funding, and/or otherwise participating in the foreclosure action against Plaintiff without a proper appropriation violates the Appropriations Clause, Separation of Powers, and the Nondelegation Doctrine. The FHFA's action -and all those that are caused by and flow from it -must be declared unlawful, enjoined, and set aside.

WHEREFORE, Plaintiffs pray as follows:

1.  An order setting aside any action as described herein that facilitates the foreclosure on Plaintiff's Property in violation of the Appropriations Clause, Separation of Powers, and/or Nondelegation Doctrine;

2.  A declaratory judgment that 12 U.S.C. § 4516 violates the Appropriations Clause, Separation of Powers, and/or Nondelegation Doctrine.

3. A declaratory judgment that FHFA's direct and indirect foreclosure related actions as described herein are unconstitutionally funded or paid for in violation of the Appropriations Clause, Separation of Powers, and/or Nondelegation Doctrine;

4. A declaratory judgment that FHFA's structure violates the Appropriations Clause, Separation of Powers, and/or Nondelegation Doctrine and declaring void the provisions of HERA that purport to fund FHFA by assessments on regulated entities, including entities currently under FHFA's conservatorship;

5. A declaratory judgment that the FHFA's direct and indirect foreclosure related actions as described herein are "contrary to constitutional right, power, privilege, or immunity" or "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." U.S.C. § 706(2)(A)-(B).

6. For such other and further relief as the court may deem just and proper.

DATED this 26th day of September, 2023

                LAW OFFICES OF
                MICHAEL F. BOHN, ESQ., LTD

                By: /s/ /Michael F. Bohn, Esq./
                     Michael F. Bohn, Esq.
                     2260 Corporate Circle, Suite 480
                     Henderson, NV 89074
                     Attorney for plaintiffs